UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN P. SUTTLES,

       Petitioner,                  Case No. 1:00-cv-736

v.                                      HON. JANET T. NEFF

TERRY PITCHER,

       Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter presently is before the Court on Petitioner's motion for relief from judgment under FED. R. CIV. P. 60(b) (Dkt 11). Also before the Court are a series of motions filed by Petitioner related to his motion for relief from judgment: (1) a motion to transfer the case to the Eastern District of Michigan (Dkt 17); (2) a motion to appoint counsel and for an evidentiary hearing (Dkt 18); and (3) a motion for an order of reference to a magistrate judge for an evidentiary hearing and issuance of a report and recommendation for disposition of Petitioner's motion for relief from judgment (Dkt 19).

**I.**

Petitioner Juan Suttles presently is confined with the Michigan Department of Corrections and housed at the Carson City Correctional Facility. On November 5, 1987, Petitioner was convicted in the Bay County Circuit Court of first-degree criminal sexual conduct (CSC I). He subsequently pleaded guilty to being a third felony offender. The trial court sentenced Petitioner

to twenty to forty years for CSC I and twenty to thirty years for being a third felony offender. Petitioner did not pursue a direct appeal of his convictions. According to Petitioner, he was never granted counsel for his direct appeal or, in the alternative, his appellate counsel never took any action on his behalf.

On October 15, 1997, Petitioner filed a motion for relief from judgment in the Bay County Circuit Court. (*See* Amended Pet. ¶ 11(a)(1).) The Circuit Court denied his motion on February 9, 1998. (*See id.* ¶ 11(a)(1).) Petitioner's application for leave to appeal was dismissed by the Michigan Court of Appeals on September 30, 1999. (*See id.* ¶ 11(b)(3).) The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on May 31, 2000. (*See id.* ¶ 11(c)(3).)

On October 2, 2000, thirteen years after his conviction, Petitioner filed his petition for habeas corpus under 28 U.S.C. § 2254. This Court dismissed the petition on December 13, 2000, concluding that it was barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). The instant motion for relief from judgment was filed on December 12, 2007, seven years after Petitioner's petition was denied.

**II.**

Because the Court dismissed Petitioner's habeas application on the grounds that it was barred by the statute of limitations, Petitioner's motion does not constitute a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005) (holding that a motion for relief from judgment is the proper vehicle for seeking to reopen habeas judgment based on statute of

limitations). Nevertheless, Petitioner's motion for relief from judgment must be dismissed because Petitioner has not demonstrated a basis for granting relief under the rule.

Rule 60(b) allows a party to seek relief from a final judgment in limited circumstances. A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Gonzalez*, 545 U.S. at 536; *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Petitioner invokes the sixth, catch-all ground for relief under Rule 60(b). He contends that his semi-literate condition and the failure of his attorney to represent him in his direct appeal constitute "extraordinary circumstances" warranting relief from judgment. As the Supreme Court made clear in *Gonzalez*, however, even a change in the Supreme Court's interpretation of the law governing the statute of limitations will not necessarily rise to extraordinary circumstances. *Id.* at 536. Here, Petitioner does not invoke such a change. Instead, he simply asserts that this Court erred in its application of the statute of limitations and in failing to provide notice and an opportunity to be heard on the question of whether Petitioner was entitled to equitable tolling.

Petitioner's assertions fail to demonstrate extraordinary circumstances warranting relief from judgment under Rule 60(b)(6). First, this Court acted properly in applying the statute of limitations *sua sponte*. *See Day v. McDonough*, 547 U.S. 198 (2006) (permitting but not requiring courts to

address the habeas statute of limitations *sua sponte*). Second, in reaching its decision, the Court appropriately granted to Petitioner the one-year grace period for filing petitions in those cases that had become final prior to the effective date of the AEDPA. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Third, upon review, the Court finds no error in the analysis of the Court's opinion and judgment dismissing the petition as time-barred.

Petitioner is correct that the Court did not provide notice and an opportunity to be heard prior to dismissing the action as time-barred. *See Day,* 547 U.S. at 210. At the time of this Court's 2000 decision, the Supreme Court had not yet determined that such notice was required. *See id.* (decided April 25, 2006).

The failure of the Court to offer Petitioner the opportunity to be heard before dismissing on the grounds of the statute of limitations, however, did not bar Petitioner from seeking that opportunity to be heard in a promptly filed motion for relief from judgment. Petitioner fails entirely to explain why he allowed seven years to elapse before he attempted to demonstrate that he should be entitled to equitable tolling of the statute of limitations. He therefore fails to demonstrate extraordinary circumstances for extending relief at this late date. *See Gonzalez*, 545 U.S. at 536 (reiterating that a "'very strict interpretation of Rule 60(b) is essential if the finality of judgment is to be preserved'" and noting that such circumstances "will rarely occur in the habeas context") (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (Rehnquist, C.J., dissenting)).

Moreover, Petitioner's arguments in support of equitable tolling are wholly inadequate. A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*,

366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to allege facts or circumstances that would warrant its application in this case. Petitioner first argues that he only received transcripts of his trial upon the trial court's order issued July 2, 1996, and he required time to prepare a motion for relief from judgment in state court. However, at the time he received the transcripts, Petitioner had approximately nine months remaining in his habeas grace period. Nevertheless, he did not file his state-court motion for relief from judgment until October 20, 1997, six months after his grace period expired on April 24, 1997. Petitioner fails to demonstrate either that he acted diligently or that some extraordinary circumstance stood in the way of his timely filing. *See Lawrence*, 127 S. Ct. at 1085.

Second, Petitioner argues that he was untrained in the law and was semi-literate. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Moreover, Petitioner's semi-literacy did not prevent him from filing multiple pleadings in the state courts to obtain his transcripts. (*See* Mot. for Relief from J. at 4-5, Dkt 11.) Even assuming Petitioner received assistance in drafting these documents, "he was clearly able to communicate with someone who could help him." *Swinton v. Palmer,* No. 04-72672, 2005 WL 2173634, *2 (E.D. Mich. Sept. 7, 2005) (rejecting petitioner's argument that his illiteracy should toll the statute of limitations when petitioner was able to file a number of pleadings in state court, thirty-two page habeas petition, and an objection to a report and recommendation).

Third, Petitioner argues at length why he properly exhausted his state-court remedies and why his claim of ineffective assistance of counsel was appropriately raised in a second state-court motion for relief from judgment. Regardless of whether Petitioner properly exhausted his state-court remedies, his state-court motion for relief from judgment was filed fifteen months after he received his transcripts and six months after the grace period expired for filing his habeas petition. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen*, 366 F.3d at 401 (citing *McClendon*, 329 F.3d 490). Petitioner's lengthy arguments about the adequacy of his state-court efforts to exhaust his claims are irrelevant to his request equitable tolling.

In sum, Petitioner is not entitled to equitable tolling of the statute of limitations.

### III.

Also pending before the Court are a series of motions filed by Petitioner related to his motion for relief from judgment: (1) a motion to transfer the case to the Eastern District of Michigan; (2) a motion to appoint counsel and for an evidentiary hearing; and (3) a motion for an order of reference to a magistrate judge for an evidentiary hearing and issuance of a report and recommendation for disposition of Petitioner's motion for relief from judgment.

The motions are without merit. First, Petitioner is not entitled to an evidentiary hearing. Generally, habeas corpus actions are determined on the basis of the record made in the state court. *See* Rule 8, RULES GOVERNING § 2254 CASES IN THE DISTRICT COURT. An evidentiary hearing in the district court is not mandatory unless one of the circumstances listed in 28 U.S.C. § 2254(e)(2) is present. *See Sanders v. Freeman*, 221 F.3d 846, 852 (6th Cir. 2000). Petitioner presents no such circumstances. Moreover, even accepting the representations contained in the motion for relief from judgment as true, the Court has concluded that Petitioner is not entitled to relief. His motion for evidentiary hearing therefore will be denied.

Second, Petitioner is not entitled to the appointment of counsel to represent him in this proceeding. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594-95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), RULES GOVERNING SECTION 2254 CASES. Here, as previously discussed, Petitioner is not entitled to an evidentiary hearing on his motion for relief from judgment.

Third, Petitioner's motion to refer this matter to a magistrate judge is denied as moot, in light of the Court's determination that an evidentiary hearing is not warranted.

Finally, Petitioner's request to transfer the motion for relief from judgment to the Eastern District of Michigan, where he was convicted, is without legal authority. Petitioner properly filed his original habeas petition in this Court, the district in which he was incarcerated at the time he filed. *See* 28 U.S.C. § 2241(d) (authorizing the filing of a habeas petition either in the district where petitioner is in custody or in the district in which petitioner was convicted). He now seeks relief from this Court's judgment. It would be both inappropriate and inefficient to transfer that consideration to another district court. As a result, his motion to transfer will be denied.

## IV.

For the foregoing reasons, Petitioner's motion for relief from judgment under FED. R. CIV. P. 60 (b) (Dkt 11) is denied. The Court also denies Petitioner's motions to transfer (Dkt 17), to appoint counsel and for evidentiary hearing (Dkt 18), and for reference to the magistrate judge (Dkt 19).

An Order consistent with this Opinion shall issue.


 May 6, 2008                                        /s/ Janet T. Neff
Date                                                Janet T. Neff
                                                    United States District Judge